Susan Qin, Esq. (SBN:350720)
Law Office of Susan Qin, PC
17870 Castleton St. Suite 100
City of Industry, CA 91748
Tel: (626) 486-9222
Email: susan@susanqinlaw.com

*Attorney for Petitioner*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

LI, Shupeng A# 240-793-414

Petitioner,

v.

ERNESTO SANTACRUZ, Field Office Director, Enforcement and Removal Operations, Los Angeles Field Office, U.S. Immigration and Customs Enforcement; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Attorney General of the United States; and ACTING WARDEN OF THE ADELANTO ICE PROCESSING CENTER,

*Respondents.*

Case No.

**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

## INTRODUCTION

1. Petitioner Shupeng Li, A# 240-793-414, is a native and citizen of China presently detained by U.S. Immigration and Customs Enforcement at the Adelanto ICE Processing Center under 8 U.S.C. § 1226(a). He lawfully entered the United States on January 10, 2020 as a B-2 nonimmigrant visitor. He has no criminal conviction, no pending criminal prosecution, and no active criminal case.

2. This Petition does not ask this Court to sit as an appellate bond court or simply substitute its view of the evidence for a discretionary custody judgment. It presents a narrower constitutional question: whether civil detention may continue when the custody ruling rested materially on an asserted "recent and severe criminal history," while official records obtained after the hearing show that the matters invoked against Petitioner did not result in prosecution or conviction and, as to the Los Angeles Superior Court search, disclose "NO CASE FILE."

3. Petitioner was taken into ICE custody on or about July 9, 2026 after release from local custody. He had been driving a vehicle belonging to a friend when local law enforcement stopped the vehicle because of an issue concerning its license plate. Petitioner was not the owner and was not responsible for the registration. No criminal charge was filed arising from that incident.

4. On August 4, 2026, the Adelanto Immigration Court denied Petitioner's request for custody redetermination. The Immigration Judge found that Petitioner had not carried his burden to show that he was not a danger to the community, citing what the order characterized as a "recent and severe criminal history." Because of the danger finding, the Immigration Judge expressly did not reach flight risk.

5. The governing authorities permit an Immigration Judge to consider reliable, probative and specific evidence of conduct even when no conviction resulted. Matter of Guerra, 24 I&N Dec. 37, 40-41 (BIA 2006). But Guerra illustrates the necessary distinction: there the unadjudicated allegation was supported by a detailed criminal complaint signed by a DEA agent identifying sources, locations, alleged accomplices, and the events leading to arrest. Petitioner's present record is materially different. The post-hearing official records show no prosecution, no conviction, and no active criminal case.

6. The new evidence is not offered for the legally incorrect proposition that an arrest can never be considered. It is offered because the constitutional legitimacy of civil detention turns on an individualized and rational assessment of actual danger, and because the factual premise on which the existing detention order materially rested has been undermined.

7. Petitioner also presents substantial evidence inconsistent with present dangerousness. He has no history of violence or gang affiliation. Before detention he complied for approximately eighteen months with ICE supervision, including electronic monitoring, without violation. His lawful permanent resident mother offers housing, financial support, and supervision. He is willing to comply with reporting, electronic monitoring, residence restrictions, or any other lawful noncustodial condition.

8. Petitioner suffers from severe gout. The medical materials reflect painful gouty tophi, deterioration of hand function, and a need for continuing treatment and dietary management. The medical condition does not itself decide custody, but it magnifies the irreparable consequences of continued detention while constitutionally adequate review is delayed.

9. Petitioner previously filed a habeas petition through former counsel challenging his immigration detention. That action was dismissed after former counsel failed to file the response

required by the District Court's order. The prior action was terminated procedurally; according to the information presently available to undersigned counsel, the Court did not adjudicate the merits of the constitutional claim presented here.

10. This Petition is not barred merely because a prior § 2241 petition was filed. Under Barapind v. Reno, 225 F.3d 1100, 1111-12 (9th Cir. 2000), AEDPA's successive-petition gatekeeping provisions do not bar a § 2241 petition by an immigration detainee whose detention is not pursuant to a judgment of a court of the United States. The common-law abuse-of-the-writ doctrine remains relevant, but this Petition challenges Petitioner's present and continuing detention on a materially developed record, including post-bond official evidence that was not before the Immigration Judge. No federal court has adjudicated the merits of this present constitutional challenge.

11. Petitioner accordingly seeks a writ ordering his release under reasonable conditions. In the alternative, and without asking this Court to alter the ordinary burden allocation recognized for an initial § 1226(a) hearing, Petitioner seeks a prompt new custody redetermination on the current record before a neutral Immigration Judge, with meaningful consideration of the post-hearing criminal-court records, Petitioner's successful supervision history, his sponsor and residence, his medical condition, and reasonable alternatives to detention.

**JURISDICTION**

12. Petitioner is in the physical custody of Respondents and is presently detained at the Adelanto ICE Processing Center in Adelanto, California.

13. This Court has jurisdiction under 28 U.S.C. § 2241 because Petitioner is in custody under the authority of the United States and challenges the legality of that custody under the Constitution and laws of the United States.

14. Although 8 U.S.C. § 1226(e) limits review of discretionary custody determinations, it does not preclude judicial review of constitutional claims or questions of law. See *Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024); *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011).

15. This Court also has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.

16. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the All Writs Act, 28 U.S.C. § 1651, and its inherent equitable authority to remedy unconstitutional restraints on liberty.

17. Petitioner challenges the legality and constitutionality of his continued immigration detention and seeks habeas relief in the form of immediate release from custody.

**VENUE**

18. Venue is proper in this Court pursuant to 28 U.S.C. § 2241 because Petitioner is detained within the Central District of California and his immediate custodian is located within this District.

19. Venue is proper pursuant to *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004), and *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973), because Petitioner is presently confined within this judicial district and seeks relief from the federal officials exercising custody over him.

20. Venue is also proper pursuant to 28 U.S.C. § 1391(e) because Respondents are officers and employees of the United States acting in their official capacities, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within the Central District of California.

**REQUIREMENTS OF 28 U.S.C. § 2243**

21. Pursuant to 28 U.S.C. § 2243, this Court must either grant the writ of habeas corpus or issue an order directing Respondents to show cause why the writ should not be granted unless it appears from the application that Petitioner is not entitled to relief.

22. Section 2243 further provides that if an order to show cause is issued, Respondents must file a return "*within three days unless for good cause additional time, not exceeding twenty days, is allowed.*" 28 U.S.C. § 2243.

23. Habeas corpus is "*perhaps the most important writ known to the constitutional law . . . affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement.*" *Fay v. Noia*, 372 U.S. 391, 400 (1963).

24. The Ninth Circuit has likewise emphasized the urgent nature of habeas proceedings, observing that "[t]*he application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application.*" *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

25. Expedited consideration is warranted because Petitioner remains subject to ongoing physical confinement that he alleges is unlawful and unconstitutional. Petitioner has now been detained for an extended period under 8 U.S.C. § 1226(a) despite the absence of any

criminal conviction, any pending criminal prosecution, or any active criminal case. The factual basis relied upon to justify Petitioner's continued detention has been substantially undermined by official records confirming that criminal charges were declined and that no criminal case exists. Petitioner further suffers from significant medical conditions requiring ongoing treatment and continues to endure irreparable harm with each additional day of detention. Prompt consideration is therefore necessary because Petitioner's challenge goes directly to the legality of his continued confinement and seeks immediate release from immigration custody

## PARTIES

26. Petitioner LI, Shupeng , A# 240-793-414 , is a native and citizen of China. He is currently detained at the Adelanto ICE Processing Center in Adelanto, California. Petitioner remains in removal proceedings before the Immigration Court and has no final order of removal.

27. Respondent Ernesto Santacruz is the Field Office Director for Enforcement and Removal Operations ("ERO"), Los Angeles Field Office, U.S. Immigration and Customs Enforcement ("ICE"). In that capacity, he exercises legal authority over Petitioner's detention and is responsible for implementing and overseeing detention decisions affecting Petitioner. He is sued in his official capacity.

28. Respondent David Venturella is the Acting Director of U.S. Immigration and Customs Enforcement. As Acting Director, he oversees ICE's detention and removal operations nationwide and is responsible for the policies and practices under which Petitioner is detained. He is sued in his official capacity.

29. Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security ("DHS"). As Secretary, he is responsible for the administration and enforcement of the Immigration and Nationality Act and exercises supervisory authority over ICE and other DHS components involved in Petitioner's detention. He is sued in his official capacity.

30. Respondent Todd Blanche is the Attorney General of the United States. As the Attorney General, he oversees the Executive Office for Immigration Review ("EOIR"), including the Immigration Courts responsible for adjudicating Petitioner's removal proceedings. He is sued in his official capacity.

31. Respondent Acting Warden of the Adelanto ICE Processing Center is Petitioner's immediate physical custodian and is responsible for Petitioner's day-to-day confinement. The Acting Warden has custody over Petitioner and is sued in his official capacity.

## LEGAL FRAMEWORK

32. This Court has jurisdiction pursuant to 28 U.S.C. § 2241 because Petitioner challenges the legality of his present physical detention.

33. Federal district courts possess habeas corpus jurisdiction to review the lawfulness of immigration detention and to remedy violations of the Constitution and laws of the United States.

34. Although Congress has limited judicial review of certain immigration decisions, federal courts retain jurisdiction to review constitutional claims and questions of law arising from immigration detention. 8 U.S.C. § 1226(e) does not insulate unlawful detention from judicial scrutiny merely because a custody determination has been labeled discretionary. See *Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024); *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011).

35. Federal courts exercising habeas jurisdiction may determine whether detention is authorized by statute, whether the Government has applied the correct legal standard, and whether continued detention complies with the requirements of the Due Process Clause.

36. Petitioner challenges the constitutional sufficiency of the custody determination and the legality of his continued detention under the circumstances presented.

37. The Due Process Clause applies to all persons physically present within the United States, including noncitizens. As the Supreme Court has explained, "*once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.*" *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

38. Freedom from physical restraint lies at the core of the liberty protected by the Due Process Clause. The Supreme Court has recognized that "[f]*reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that* [the Due Process] *Clause protects.*" *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

39. Immigration detention is civil rather than criminal in nature. Because immigration detention is not punishment, it may be justified only insofar as it reasonably advances a legitimate governmental objective.

40. The Government's authority to detain noncitizens is therefore subject to constitutional limitations. Continued detention must bear a reasonable relationship to the purposes asserted to justify that detention and may not become excessive, arbitrary, or punitive in effect.

41. Under 8 U.S.C. § 1226(a), the legitimate purposes of detention are ensuring a noncitizen's appearance at future proceedings and protecting the community from danger. Custody determinations must therefore be based upon an individualized assessment directed toward those objectives.

42. In a custody redetermination proceeding under § 1226(a), the Immigration Judge evaluates whether the noncitizen presents a danger to persons or property or poses a risk of flight. The determination must be grounded in the evidence presented and the particular facts of the case.

43. Due process requires an individualized custody determination. A detention decision cannot rest upon generalized assumptions or unproven allegations. Any finding of dangerousness under 8 U.S.C. §1226(a) must be supported by reliable, individualized evidence demonstrating that continued detention is necessary to protect the community.

44. Petitioner's continued detention rests upon the Immigration Judge's finding that Petitioner "failed to establish that he is not a danger to the community." However, the subsequent evidence now before this Court demonstrates that Petitioner has no criminal conviction, no pending criminal prosecution, and no active criminal case. The criminal allegations relied upon during the custody proceedings never resulted in prosecution or conviction. See Attached Exhibit A.

45. Due process requires that a finding of dangerousness be supported by reliable and individualized evidence. A noncitizen may not be subjected to prolonged civil detention under 8 U.S.C. §1226(a) based primarily upon arrest allegations that never resulted in prosecution or conviction. Where subsequent official records materially undermine the

factual basis for a dangerousness determination, continued detention ceases to bear a reasonable relationship to the purposes of civil immigration detention.

46. Petitioner's interest in remaining free from physical confinement is among the most fundamental liberty interests protected by the Constitution. The deprivation of that liberty requires meaningful procedural safeguards and a custody determination that is rationally connected to the permissible purposes of immigration detention.

47. The writ of habeas corpus exists to provide a prompt judicial remedy against unlawful executive detention. Federal courts possess broad authority under 28 U.S.C. §§ 2241 and 2243 to remedy unconstitutional restraints on liberty.

48. Where continued detention violates the Constitution, federal courts may order release from custody as an appropriate form of habeas relief. See *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Zadvydas v. Davis*, 533 U.S. 678, 687-88, 699-701 (2001).

49. Petitioner has already received the custody proceeding that Respondents contend is due. This case therefore does not present a claim that additional process is required. Rather, Petitioner alleges that the process already provided was constitutionally deficient and resulted in unlawful detention.

50. Further bond proceedings would not provide an adequate or effective remedy. Petitioner has already received a custody redetermination hearing pursuant to 8 U.S.C. §1226(a). Nevertheless, he remains detained based upon a dangerousness finding that relied substantially upon arrest-related allegations. Since that determination, the Superior Court of California, County of Los Angeles has confirmed that its records disclose "NO CASE FILE" under Petitioner's name, and Petitioner's July 9, 2026 arrest likewise did not result in criminal charges. Accordingly, Petitioner remains detained despite having no criminal

conviction, no pending criminal prosecution, and no active criminal case. Under these circumstances, further bond proceedings would merely prolong the constitutional injury challenged herein. See Attached Exhibit A.

51. Accordingly, habeas corpus provides an appropriate and necessary vehicle for judicial review of Petitioner's continued detention and for the immediate release requested in this Petition.

## FACTUAL BACKGROUND

52. Petitioner lawfully entered the United States on January 10, 2020, as a B-2 visitor. He later sought a change to F-1 status. After immigration difficulties arose, he remained engaged with the immigration system and complied with approximately eighteen months of ICE supervision and electronic monitoring without violation.

53. Petitioner pursued asylum-related protection, initially as a derivative beneficiary and later through his own Form I-589 in Immigration Court. He has remained available to immigration authorities and has not absconded from supervision.

54. On or about July 9, 2026, Petitioner was taken into ICE custody following release from local custody after the vehicle stop described above. The incident did not result in a criminal prosecution.

55. Petitioner requested custody redetermination under § 1226(a). On August 4, 2026, the Immigration Judge denied bond after finding that Petitioner had not shown that he was not a danger to the community. The written order relied on an exhibit said to show a “recent and severe criminal history,” cited Matter of Guerra and Matter of Urena, and expressly declined to reach a flight risk.

56. After the hearing, counsel obtained official court information materially bearing on the premise of the danger finding. The Superior Court of California, County of Los Angeles certified that its records disclose "NO CASE FILE" for Petitioner. The July 9 arrest likewise produced no criminal charge. Petitioner has no criminal conviction, pending prosecution, or active criminal case.

57. Petitioner's lawful permanent resident mother is prepared to provide housing, financial assistance, and supervision. Petitioner is willing to accept reasonable conditions of release. His prior eighteen months of successful ICE monitoring provide concrete evidence that noncustodial supervision can work.

58. Petitioner suffers from severe gout with painful tophi and impaired hand function. Continued detention complicates treatment, diet, and management of that condition.

**EXHAUSTION**

59. Section 2241 contains no statutory exhaustion requirement for this detention challenge. Ninth Circuit exhaustion in this setting is prudential and may be excused where administrative remedies are inadequate or inefficacious, pursuit would be futile, irreparable injury would result, or the administrative proceedings would be void. Laing v. Ashcroft, 370 F.3d 994, 997, 1000-01 (9th Cir. 2004).

60. Petitioner already invoked the Immigration Court's custody jurisdiction and received an adverse determination. The present claim is constitutional and concerns the adequacy of continued detention in light of materially developed evidence. To the extent Respondents contend that a BIA appeal or renewed bond request is required, exhaustion should be excused because Petitioner's loss of physical liberty and worsening medical condition are

ongoing and because the BIA cannot adjudicate the constitutionality of the governing statutes and regulations.

61. Alternatively, if the Court concludes that additional administrative presentation of the new evidence is appropriate, Petitioner requests that the Court retain jurisdiction and issue a conditional writ requiring a new custody redetermination within three business days rather than dismissing this action and prolonging the asserted constitutional injury.

## CLAIMS FOR RELIEF

## COUNT I

## FIFTH AMENDMENT DUE PROCESS - CONTINUED CIVIL DETENTION ON A MATERIALLY UNDERMINED DANGER FINDING

62. Petitioner realleges the preceding paragraphs.

63. Freedom from physical restraint lies at the core of the liberty protected by the Due Process Clause. Immigration detention is civil and must remain rationally connected to legitimate regulatory purposes, including protecting the community and ensuring appearance.

Petitioner recognizes that, at an ordinary § 1226(a) custody hearing, the noncitizen bears the burden to establish by a preponderance of the evidence that he is not a danger or flight risk. Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197, 1200-03 (9th Cir. 2022). This Petition does not ask the Court to impose a contrary burden as a matter of course.

64. Nor does Petitioner contend that the Immigration Judge was categorically prohibited from considering arrests or alleged conduct. Matter of Guerra permits consideration of unfavorable conduct without a conviction when the evidence is probative and specific. 24 I&N Dec. at 40-41. Matter of Urena likewise requires a genuine determination whether release would pose a danger. 25 I&N Dec. 140, 141 (BIA 2009).

65. The constitutional defect arises because the existing custody determination materially relied on a characterization of "recent and severe criminal history," while subsequently obtained official records establish that the relevant matters did not mature into prosecutions or convictions and that no Los Angeles Superior Court case file exists. Continued detention without meaningful consideration of that developed record risks converting a preliminary arrest allegation into an effectively irrebuttable presumption of dangerousness.

66. Petitioner's successful history of ICE supervision, absence of convictions, fixed release plan with his lawful permanent resident mother, willingness to accept monitoring, and lack of violence or gang affiliation further demonstrate why a present individualized assessment is constitutionally necessary.

67. Martinez v. Clark permits habeas review of constitutional challenges to the legal adequacy of an Immigration Judge's detention determination while preserving § 1226(e)'s bar on simple reweighing of discretionary evidence. 124 F.4th at 781-84. Petitioner seeks review of the legal adequacy of continued detention on a materially undermined factual premise, not appellate reweighing of a properly supported discretionary bond decision.

68. On the present record, immediate release under reasonable conditions is warranted. At minimum, due process requires a prompt new custody redetermination on the current evidence, with actual consideration of the post-hearing official records and reasonable noncustodial alternatives.

**COUNT II**

**PRIOR HABEAS PROCEEDING DOES NOT BAR THIS PETITION**

69. The prior § 2241 action was dismissed after former counsel failed to respond to the District Court's order. There was no adjudication on the merits of the present constitutional challenge.

70. Barapind holds that the AEDPA gatekeeping provisions governing second or successive petitions do not bar an immigration detainee's § 2241 petition because the detention is not pursuant to a judgment of a court of the United States. 225 F.3d at 1111.

71. Although the common-law abuse-of-the-writ doctrine may apply, the present Petition concerns ongoing detention on a materially developed factual record and relies on official evidence obtained after the bond proceeding. Respondents bear the initial burden to plead abuse of the writ with clarity and particularity. The equities are especially strong where the prior federal action ended because counsel failed to comply with a briefing order rather than because the Court rejected Petitioner's detention claim on its merits.

72. The Court should adjudicate the legality of Petitioner's present detention rather than treat prior counsel's procedural default as a permanent forfeiture of habeas protection against an ongoing restraint on liberty.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court grant the following relief:

a. Assume jurisdiction over this matter;

b. Issue a writ of habeas corpus declaring Petitioner's continued detention unlawful and unconstitutional;

c. Order Respondents to immediately release Petitioner from immigration custody;

d. Grant such other and further relief as the Court deems just and proper.

DATED: October 6, 2026

Respectfully submitted

Susan Qin Esq.
*Law Office of Susan Qin, PC*
Attorney for Petitioner

**VERIFICATION BY SOMEONE ACTING ON THE PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242**

I am submitting this verification on behalf of Petitioner because I am Petitioner's attorney. I have discussed with Petitioner the events described in this Petition. Based on those discussions, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: October 6, 2026

Susan Qin Esq.
*Attorney for Petitioner*

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

| | |
|---|---|
| COURTHOUSE ADDRESS: 11234 E. Valley Blvd. El Monte CA 91731 | |
| NAME SEARCHED: SHUPENG LI | **CERTIFICATE OF CLERK RE: NAME SEARCH RESULTS** |
| DATE OF BIRTH: 06/13/2001 | |

I, DAVID W. SLAYTON, Executive Officer/Clerk of Court of the Superior Court of California, County of Los Angeles, do hereby certify that I am the Custodian of Records of the Superior Court of California, County of Los Angeles, and that I have conducted a thorough search of all Court records, excluding those that are sealed pursuant to California Rules of Court, Rule 2.550, or are confidential by law,

from 1983 (YEAR / DATE) to 2026/08 (YEAR / DATE) for the above-referenced name, and that:

☐ I am unable to provide you with a copy of the case information/case number. The case information requested has been purged and/or destroyed pursuant to Court order. (G.C. 68152)

☑ My search has disclosed "NO CASE FILE" for the aforementioned name.

☐ My search has disclosed that the following case(s) was (were) filed involving the above-referenced name:

DATE: 8/18/26

DAVID W. SLAYTON, Executive Officer/Clerk of Court

By: [signature] Deputy Clerk



Court Seal

**CERTIFICATE OF CLERK – NAME SEARCH RESULTS**

LASC CRIM 156 Rev. 01/23

Scanned with CamScanner