UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-5948-RAO Date: October 19, 2026
Title: Shupeng Li v. Ernesto Santacruz et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| | |
|---|---|
| C. Delgado | N/A |
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

Petitioner Shupeng Li, represented by counsel, is a citizen of China currently in immigration custody within this District. He filed a habeas petition on October 7, 2026. Dkt. No. 1 ("Pet."). Respondents filed their Answer on October 15, 2026. Dkt. No. 9. Petitioner filed his Traverse on October 16, 2026. Dkt. No. 10. This is Petitioner's second habeas action filed in this court. *See* Case No. 5:26-cv-4379-RAO (C.D. Cal. Aug. 26, 2026) ("Li #1"). Li #1 sought relief in the form of immediate release or a bond hearing. Because Petitioner received a bond hearing shortly after filing his petition, the Court denied the petition because the relief requested had been provided.

The instant action raises a different claim from Li #1. Here, Petitioner challenges the adequacy of the bond hearing he received. The thrust of Petitioner's argument is that the immigration judge abused his discretion in relying on his "recent and severe criminal history." Petitioner recites evidence that contradicts such an extreme criminal history. The Petition is careful to state that, with regard to burden, the noncitizen bears the burden to establish by a preponderance of the evidence that he is not a danger or a flight risk. "This Petition does not ask the Court to impose a contrary burden as a matter of course."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-5948-RAO Date: October 19, 2026
Title: Shupeng Li v. Ernesto Santacruz et al.

A writ of habeas corpus may be granted to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## II. FACTUAL BACKGROUND

Petitioner lawfully entered the United States on January 10, 2020, on a B-2 visitor visa. Pet. at 11. Petitioner remained in this country after the visa expired. Petitioner applied for asylum. *Id.* He later sought to change to an F-1 status. *Id.* "After immigration difficulties arose, he remained engaged with the immigration system and complied with approximately eighteen months of ICE supervision and electronic monitoring without violation." *Id.* Petitioner pursued asylum-related protection, initially as a derivative beneficiary and later through his own Form I-589 application. *Id.*

On July 9, 2026, immigration authorities arrested Petitioner following his release from local custody. *Id.* The criminal arrest incident did not result in criminal prosecution. *Id.* On August 4, 2026, an immigration judge denied Petitioner's request for a custody redetermination. *Id.* at 2. The immigration judge found that Petitioner had not carried his burden to show he is not a danger to the community, citing Petitioner's "recent and severe criminal history." *Id.*

The Petition purports to present new evidence in the form of post-hearing official records showing no prosecution arose out of Petitioner's local custody, no conviction, and no pending active criminal case. *Id.* at 3. Petitioner also points to previously-offered evidence that is inconsistent with a danger finding – he has no history of violence or gang affiliation, he resides with his mother, a legal permanent resident. *Id.* Lastly, Petitioner states that he suffers from a serious medical condition, severe gout. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-5948-RAO | Date: | October 19, 2026 |
| Title: | Shupeng Li v. Ernesto Santacruz et al. | | |

## III. PARTIES' ARGUMENTS

Petitioner contends that the immigration judge's ruling denying bond is defective because it relied on Petitioner's "recent and severe criminal history." Petitioner asserts that his arrest did not result in charges or a prosecution; aside from this arrest, Petitioner has no criminal history. Respondents argue that Petitioner is required to exhaust his administrative remedies before seeking habeas relief before this court.

## IV. LEGAL STANDARD

A writ of habeas corpus may be granted to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *see Magan Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (Section 2241 "expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.") (citing *Henderson v. I.N.S.*, 157 F.3d 106, 122 (9th Cir. 1998)).

## V. DISCUSSION

The Court finds that the immigration judge's August 4, 2026 order reflects an abuse of discretion. In *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024), the Ninth Circuit held that a district court reviews an immigration judge's dangerousness finding under an "abuse of discretion" standard. *Id.* at 784. Here, the immigration judge's findings are conclusory, unexplained, and seemingly contradicted in light of the information proffered by Petitioner. Respondents do not meaningfully contest Petitioner's representation regarding his criminal history. Unlike in *Martinez*,

something appears amiss – the immigration judge did not reference Petitioner's evidence that weighs against a finding of danger. *See id.* at 785.[1]

The Court concludes the proper remedy is to require Petitioner's release on reasonable conditions and to restrain Respondents from re-detaining Petitioner in a manner that violates his due process rights. *See, e.g.*, *Zhao v. Janecha et al.*, 2026 WL 2666865, at *3 (C.D. Cal. Sept. 9, 2026). Regarding Respondents' exhaustion argument, the Court finds that exhaustion, which is prudential, not jurisdictional, *see Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018), should be excused. As stated in the Petition, Petitioner has a serious medical condition. The Court deems it imprudent to delay Petitioner's ability to seek habeas relief until after he has completed the administrative appeal of the August 4, 2026, order.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for a Writ of Habeas Corpus and ORDERS as follows:

1. Respondents are ordered to release Petitioner (A#240-793-414) from custody immediately, subject to reasonable conditions.
2. Respondents are enjoined from any further detention of Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.
3. Respondents shall file a notice of compliance within two court days.
4. The Clerk of the Court shall enter judgment in favor of Petitioner and close the case.

**IT IS SO ORDERED.**

[1] Because the Petition expressly does not challenge the immigration judge's placement of the burden of proof on Petitioner at the bond hearing, *see* Pet. at 13, the Court does not address this issue.